UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE,<br><br>    Plaintiff,<br><br>    v.<br><br>MCDONALD, et al.,<br><br>    Defendants. | Case No. 14-cv-02903-JD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**<br><br>Re: Dkt. Nos. 18, 19, 21, 31, 33 |

This is a civil rights case brought pro se by a prisoner. Defendants have filed a motion to revoke plaintiff's in forma pauperis status, pursuant to 28 U.S.C. § 1915(g), because plaintiff has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. The motion is granted.

## I. MOTION TO REVOKE IN FORMA PAUPERIS STATUS
**Legal Standard**

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted) (*Andrews I*). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id*.

(internal quotation marks omitted).  Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes."  *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A district court's dismissal of a case does not count as a strike under § 1915(g) until the dismissal becomes final; that is, until the prisoner has waived or exhausted his opportunity to appeal.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011).  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

**Analysis**

Defendants cite three cases filed by Shove that are alleged to be strikes pursuant to § 1915(g): *Shove v. Schwarzenegger*, No. 09-cv-0656-RMW (N.D. Cal. June 3, 2009); *Shove v. U.S. District Court Judges*, No. 09-2316 (D.D.C. Jan. 25, 2010); and *Shove v. Brown*, No. 12-cv-0211 RMW (N.D. Cal. Nov. 27, 2013).[1]

On March 13, 2008, Shove was sentenced to death in Los Angeles County.  The California Supreme Court appointed counsel for his direct appeal on January 8, 2013.  On February 20, 2013, the California Supreme Court denied Shove's pro se state habeas petitions; however, his direct appeal continues (*People v. Shove*, S161909).  In all three cases cited above, Shove alleges that the death penalty appeals process in California is broken and unconstitutional and that there is a large conspiracy to violate the rights of criminal defendants during prosecutions.  Shove named as defendants various federal and state officials, agencies, and courts, as well as defense organizations, judges, and defense attorneys.[2]

---

[1] A court may take judicial notice of public records.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[2] Two months after filing this case, plaintiff filed another civil rights case in the District of Columbia, again alleging that the practices and procedures of the death penalty in California were unconstitutional.  The case was transferred to this district where it was dismissed for being frivolous, malicious, and for failure to state a claim.  *Shove v. State of California*, No. 14-cv-4196-JD (N.D. Cal. Oct. 3, 2014), appeal denied in *In re: Theodore C. Shove*, No. 96-80069 (9th Cir. Jan. 14, 2015).  However, this dismissal occurred after the filing of the instant case and does not constitute a strike for this motion.

In *Shove v. Brown*, No. 12-cv-0211 RMW (N.D. Cal. Nov. 27, 2013), the Court dismissed the complaint for failure to state a claim. Motion to Dismiss ("MTD"), Ex. C. Shove appealed and the Ninth Circuit found the appeal to be "so insubstantial as to not warrant further review." MTD, Ex. D.[3] The dismissal became a strike when Shove's time to petition the Supreme Court expired.

The remaining two cases cited by defendants dismissed Shove's complaints pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). MTD, Exs. A, E. The courts noted that Shove had ongoing criminal appeals and that when a state prisoner files a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. Shove appealed both dismissals and the respective courts of appeals dismissed the appeals. MTD, Exs. B, G.

The Ninth Circuit has not addressed whether a dismissal pursuant to *Heck* counts as a strike under 28 U.S.C. § 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007) (*Andrews II*). The Supreme Court in *Heck* stated that its ruling was based on a denial of "the existence of a cause of action" which implies the failure to state a claim. *Heck*, at 489. Several other circuits have held that dismissals under *Heck* count as strikes. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (*Heck* dismissal is a strike for failure to state a claim); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998) *abrogated on other grounds* (same); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* dismissal is legally frivolous); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (*Heck* dismissal fails to state a claim). Many district courts within the Ninth Circuit have also found that dismissals under *Heck* count as strikes. *See Schrubb v. Jager*, No. 13-cv-4163 BLF (N.D. Cal. Feb. 6, 2015); *Claiborne v. Lee*, No. 04-1887 WHA (N.D. Cal. May 18, 2004); *Senator v. Cates*, No. CV-11-4192 (C.D. Cal. June 23, 2011); *Ransom v. Sec'y of Dep't of Corr.*, No. 10-cv-1423, 2010 WL 3371313, at *1 (E.D. Cal. Aug. 26,

---

[3] Shove is under a pre-filing review order in the Ninth Circuit. *See In re: Theodore C. Shove*, No. 96-80069.

2010); *Houston v. Schwarzenegger*, No. 06-cv-01318, 2009 WL 3487625, at *4 (E.D. Cal. Oct. 23, 2009).

The Court agrees with the holdings that a *Heck* dismissal counts as a strike for failure to state a claim. Moreover, Shove's "repeated attempts to litigate these claims after unequivocal notice that he may not allege them in a civil action until his conviction has been overturned, reversed, or expunged, is at least frivolous if not malicious." *Gowadia v. Sorenson*, No. 14-0288 (D. Haw. July 18, 2014).[4]

Shove appears to argue that he should not be three strikes barred because a prior district court order revoking his in forma pauperis status was reversed by the Ninth Circuit. On September 24, 2012, the Northern District of California in *Shove v. Brown*, No. 12-cv-0211 RMW, revoked Shove's in forma pauperis status citing two of the cases noted above, *Shove v. Schwarzenegger*, No. 09-cv-0656-RMW (N.D. Cal. June 3, 2009) and *Shove v. U.S. District Court Judges*, No. 09-2316 (D.D.C. Jan. 25, 2010), and a third case from the District of Arizona. The Court noted that dismissals pursuant to *Heck* count as strikes because they failed to state a claim. The Ninth Circuit reversed on December 12, 2012, finding that Shove's action from Arizona did not constitute a strike because he did not appear to have been incarcerated at the time of filing as required by the statute. *Shove v. Brown*, No. 12-17491 (9th Cir. Dec. 12, 2012). The Ninth

---

[4] Shove has also filed five habeas cases in the Central District of California, from 2008 to 2015, the majority of which been dismissed without prejudice because the claims are unexhausted. In *Shove v. Chappelle*, No. 13-1475, slip op. at 4 (C.D. Cal. March 11, 2013), the Court noted:
> Petitioner has now effectively abandoned the habeas arguments made in his earlier filings with this court regarding the legality of his incarceration with re[s]pect to the trial process. He is now perseveratively focused on what he believes to be the constitutionally infirm policies and practices of the California Courts in appointing counsel and processing both capital appeals and habeas corpus petitions.

The court reviewed Shove's arguments and dismissed the habeas case. A dismissal of a habeas petition does not count as a strike under § 1915(g). *Andrews I*, 398 F.3d at 1122. However, if the habeas petition was actually a challenge to prison conditions (such that it was really a mislabeled § 1983 action), the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g). *See id.* at 1123 n.12. Shove's habeas dismissal could be construed as a fourth strike.

Circuit did not address the use of the *Heck* dismissals as strikes. *Id*. While the Court order was reversed, defendants do not rely on the same cases. The cases cited by Defendants constitute strikes, and Shove has failed to even address these cases in his oppositions to the motion to dismiss. Shove has three cases that constitute strikes, and in forma pauperis status will be revoked unless he is under imminent danger of serious physical injury.

In the current complaint, Shove states that his hand was 90% severed and then surgically repaired well before being placed in his current prison in 2008. As a result, he was provided either large wrist handcuffs or waist chains. Starting in 2014 only normal size wrist handcuffs were used, despite Shove's objections, and he suffered pain and cuts on his wrists. He also states that as a result of the normal handcuffs, he slipped and fell down the stairs.

The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.; *see*, *e.g.*, *id*. at 1055 (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception).

That Shove fell down the stairs once due to being placed in normal handcuffs fails to set forth plausible allegations of a future imminent danger of serious physical injury. Nor do the allegations that the normal handcuffs cut his wrist or cause undue pressure demonstrate possible serious physical injury. Shove states that the cuts and scratches are causing permanent damage on the inside of his wrist, but he provides no further information to support or clarify this contention. The Ninth Circuit has recognized that courts may reject assertions of imminent danger that are conclusory and overly speculative. *See Andrews II*, 493 F.3d at 1050 n.11. Shove's general allegations of pain and cuts do not rise to the level of serious physical injury. *See e.g.*, *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (rejecting imminent-danger exception based on conclusory assertions that defendants were trying to kill the plaintiff by forcing him to work in extreme conditions despite his blood-pressure condition).

**II. CONCLUSION**

1. The motion to revoke plaintiff's in forma pauperis status (Docket No. 21) is **GRANTED**.

2. Plaintiff's motions for a hearing (Docket Nos. 18, 33) and motion for Clarification (Docket No. 19) are **DENIED** as meritless.

3. Plaintiff's motion for a status report (Docket No. 31) is **DENIED** as moot because a docket sheet has already been sent to plaintiff.

4. Plaintiff's in forma pauperis status is **REVOKED**. He must pay the full filing fee, four hundred dollars ($400), within **twenty-eight (28) days** of the date this order is filed or this case will be dismissed.

**IT IS SO ORDERED.**

Dated: September 29, 2015

_____
JAMES DONATO
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| THEODORE SHOVE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MCDONALD, et al.,<br><br>　　　　　Defendants. | Case No.  14-cv-02903-JD<br><br>**CERTIFICATE OF SERVICE** |

　　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　　That on September 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore  Shove ID: G11092
San Quentin State Prison
San Quentin, CA 94974


Dated: September 29, 2015

　　　　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Lisa R. Clark
　　　　　　　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO