UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE,<br><br>    Plaintiff,<br><br>v.<br><br>MCDONALD, et al.,<br><br>    Defendants. | Case No. 14-cv-02903-JD<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 97 |

Pro se plaintiff Shove is a state prisoner suing under 42 U.S.C. § 1983. Defendants have moved to dismiss under Federal Rule of Civil Procedure 41(b) effectively as a termination sanction for Shove's failure to appear for a deposition. The request is denied.

**BACKGROUND**

The material facts are not in dispute. On December 22, 2017, in response to the Court ordering that a motion for summary judgment be filed, defendants served a deposition notice on plaintiff for January 5, 2018. Dkt. No. 97-1, Ex. 2. On January 2, 2018, Shove had a phone call with defense counsel and said he had not had enough time to prepare and that the scope of the deposition should be limited. *Id*. Ex. 3.[1] Counsel agreed to move the deposition to January 11, 2018. *Id*. Defense counsel sent plaintiff a letter stating the new deposition date and that defendants would move for sanctions, including dismissal, if plaintiff did not provide testimony. *Id*. Shove sent a letter back to counsel on January 7, 2018, which said that he could not be deposed because he had broken a dental bridge and could not talk. *Id*. Ex. 4. Plaintiff also sought a stay on all discovery issues, which presumably included the deposition. *Id*.

---

[1] Plaintiff's argument that he requires at least 21 days' notice of a deposition pursuant to Fed. R. Civ. P. 27(a)(2) is incorrect. Rule 27(a)(2) is not applicable.

Defense counsel received Shove's letter the day before the deposition, but nevertheless appeared as scheduled and initiated the deposition. *Id*. Ex. 5. Plaintiff also appeared, spoke for several minutes before going on the record, was sworn in by the court reporter, responded to general deposition instructions, and then interrupted the examination to read a prepared statement. *Id*. Plaintiff then declared the deposition over. *Id*.

Defense counsel renoticed the deposition on January 25, 2018. *Id*. Ex. 6, 7. Defense counsel noted that plaintiff had twice referred to an agreement to hold the deposition after January 22. *Id*. Ex. 5 at 9:9-11; 11:25-12:2, Ex. 6. On January 18, 2018, plaintiff sent a letter stating that he could not participate in the deposition because of his medical situation, and accused counsel of ordering medical staff to delay his treatment. *Id*. Ex. 8. Defense counsel sent plaintiff a letter noting that plaintiff had failed to present any evidence of a medical problem or attempts to seek treatment. *Id*. Ex. 9. Defense counsel also stated that plaintiff was able to speak clearly on January 11, 2018, and did not appear to be in discomfort. *Id*. Defense counsel stated that he intended to proceed with the deposition and would seek sanctions, including dismissal of the case, if Shove did not cooperate. *Id*.

Defense counsel arrived at the prison on January 25, but plaintiff refused to participate. Id. Ex. 10. A correctional officer reported that Shove would not leave his cell. *Id*. Defense counsel asked the officer to advise plaintiff that counsel would file a motion to dismiss the case. *Id*. Plaintiff stayed in his cell. *Id*.

Defense counsel obtained plaintiff's medical records. On December 3, 2017, plaintiff submitted a healthcare request stating, "I have a bridge permanent [] fallen out. I need to get it fixed as soon as possible. I also need to get a couple of teeth pulled." *Id*. Ex. 11 at 13. Plaintiff was seen by a dentist on December 22. *Id*. at 9. On the intake form, plaintiff circled "No" in response to the question "Are you in pain now?" *Id*. at 2. Plaintiff also indicated on a second intake form that he was not in pain. *Id*. at 7. The dentist found that plaintiff misdiagnosed the issue. *Id*. at 9. The dentist wrote that he "[d]idn't see any signs of bridge falling out. Bridge seems stable." *Id*. The dentist discussed various treatment options with plaintiff and recorded that plaintiff, "was happy with the bridge the way it is now and does not want to do anything with

bridge now . . ." *Id.*

Plaintiff submitted another healthcare request on January 6, 2018. Reply, Fisher Decl. Ex. 1 at 8. Plaintiff was seen again by a dentist on January 24, 2018. *Id*. at 2, 4. He indicated he was in moderate pain that was lessened by Acetaminophen, and that the dental issue had only a limited impact on his daily functioning. *Id*. at 4. Plaintiff stated that he had sensitivity when consuming hot or cold liquids. *Id*. at 2. The dentist reported that plaintiff "does not want anything done today as his not feeling well. He thinks he has a cold or the flu." *Id*. at 2.

## DISCUSSION

While Shove's conduct is not acceptable, it does not warrant the drastic sanction of termination at this time. The motion (Docket No. 97) is **DENIED** without prejudice. Shove is advised that defendants are entitled to examine him under oath about his claims and allegations. The parties are directed to set a date for the deposition within **45 days** of this order. The Court expects Shove to sit for the deposition and answer defendants' questions as required under the Federal Rules of Civil Procedure. If Shove does not do that, the Court will impose an appropriate sanction. Sanctions may take the form of issue or claim preclusion, evidentiary preclusion or outright dismissal of the case.

**IT IS SO ORDERED.**

Dated: May 3, 2018

JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE,<br><br>    Plaintiff,<br><br>v.<br><br>MCDONALD, et al.,<br><br>    Defendants. | Case No. 14-cv-02903-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore Shove ID: G11092
San Quentin State Prison
San Quentin, CA 94974

Dated: May 3, 2018

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By: /s/ Lisa R. Clark
                                        LISA R. CLARK, Deputy Clerk to the
                                        Honorable JAMES DONATO